E-FILED
Tuesday, 17 November, 2015  09:11:21 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS LYONS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15-1376 |
| | ) | |
| IDOC DIRECTOR, et. al., | ) | |
|     Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, claims his constitutional rights were violated at Illinois River Correctional Center by eight Defendants including the Illinois Department of Corrections Director, Warden Nichalson, Wexford Healthcare, Dr. Carla Greby, Physician's Assistant Connie Sword, Illinois River Correctional Center, Greg Gossett and Warden Hammers.

The Plaintiff says he began to have stomach problems in 2011.  Plaintiff says he complained for two years and finally in September of 2013 it was determined he had "H. pylori" or helicobacter pylori. (Comp, p. 5).  Plaintiff says he was treated, but at some unspecified point began to again experience stomach pain.  Plaintiff was retested in August of 2014.  Plaintiff appears to allege he tested positive on this date, but was not given treatment.  Instead, Plaintiff says he only recently learned he again tested positive after a third test was given in March of 2015.  Plaintiff says he is currently taking medication, but claims his condition has "messed up my stomach." (Comp., p. 6)

The court notes H. pylori is "a bacterial infection that affects the stomach lining."  *Hardy v. Aguinaldo*, 2003 WL 21350070, at *4 (N.D.Ill. June 10, 2003).  Typically the condition is treated with "a regimen of daily antibiotics for a two-week period." *Id.; see also Johnson v. Shah*, 2015 WL 2105847, at

1

*3 (S.D.Ill. May 4, 2015)("the  presence of H. pylori, without more, may not rise to the level of a serious medical need" but Plaintiff complained of symptoms of an infection).

Plaintiff admits he is receiving treatment now, but apparently claims he was left to suffer with his condition and no treatment from approximately September of 2014 until March of 2015.  The Plaintiff has alleged deliberate indifference to his medical condition based on a delay in providing care. Nonetheless, there are several problems with Plaintiff's complaint.

First, in the "date of occurrence" section of the complaint, Plaintiff has listed "2011, 2012, 2013, 2014, 2015." (Comp., p. 5).  The Plaintiff has not clearly stated any constitutional violations over this time period.  In addition, a lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred.  *Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) *citing Wilson v Garcia*, 471 U.S. 161, 279 (1985). The applicable statute of limitations in Illinois is two years. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).  While state law determines the length of the statute of limitations period, federal law determines when a §1983 claim accrues.  *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).  A plaintiff's claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action.  *Id.* Since Plaintiff filed his complaint on September 4, 2015, it would appear his claims would be limited to events which occurred on September 4, 2013 and after.

Second, Plaintiff only lists the Defendants in the caption of his complaint, but makes no reference to any specific Defendant in the body of his complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v Lane*, 22 F3d 1395, 1401 FN 8 (7th Cir. 1994).

Therefore, the court will dismiss the Plaintiff's complaint as a violation of  Rule 8 of the Federal Rules of Civil Procedure, but will allow him time to file an amended complaint more clearly stating his claims. *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)("district courts have a

special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.")

The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not make reference to the previous complaint.   Plaintiff must state what condition he suffered from, who he specifically asked for medical care, when he asked for medical care and what happened.  Plaintiff should also describe whether the delays caused any problems with his condition.

Plaintiff is admonished that a defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).  In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).   Finally, the Illinois River Correctional Center is not a proper Defendant because it is a building and not a person amenable to suit under § 1983. *See*
*Pope v Racine Correctional Inst*., 2012 WL 4470214 at 2 (Sept. 27, 2012)(correctional center is not a proper defendant).

Finally, the Plaintiff has filed a motion for appointment of counsel.[5]   In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Plaintiff's

complaint is dismissed pursuant to Rule 8 of the Federal Rules of Civil procedure.

2) Plaintiff may file an amended complaint in compliance with this court order within 21 days.  If Plaintiff fails to file his amended complaint within 21 days, or fails to follow the court's direction, his case will be dismissed.

3) The Plaintiff's motion for appointment of counsel is denied with leave to renew. [5]

4) The Clerk of the Court is directed to reset the internal merit review deadline for 30 days from the entry of this order.

ENTERED this 17th day of November, 2015.

**/s/ Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE