UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CURTIS LYONS, )
        Plaintiff, )
)
vs. ) No. 15-1376
)
IDOC DIRECTOR, et. al., )
        Defendants. )

MERIT REVIEW OPINION

    This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint [8] and motion for appointment of counsel. [9] The pro se Plaintiff's original complaint was dismissed pursuant to Rule 8 of the Federal Rules of Civil procedure. See November 17, 2015 Merit Review Opinion. Plaintiff had failed to state the involvement of any of the named Defendants, nor to provide any specific time frames for his allegations. Therefore, Plaintiff has given time to file an amended complaint clarifying his claims. Plaintiff has now complied and his motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [8]

    The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff claims his constitutional rights were violated at Illinois River Correctional Center by Defendants Warden Nicholson, Assistant Warden Justin Hammers, Dr. Carla Greby and Physician's Assistant Connie Sword. Plaintiff again says he has suffered with chronic abdominal pain since 2011. On September 26, 2013, an outside medical provider diagnosed

1

Plaintiff with H. pylori. The Court notes this is "a bacterial infection that affects the stomach lining." *Hardy v. Aguinaldo*, 2003 WL 21350070, at *4 (N.D.Ill. June 10, 2003). Typically the condition is treated with "a regimen of daily antibiotics for a two-week period." *Id.; see also Johnson v. Shah*, 2015 WL 2105847, at *3 (S.D.Ill. May 4, 2015)("the presence of H. pylori, without more, may not rise to the level of a serious medical need" but Plaintiff complained of symptoms of an infection).

Plaintiff says he is "currently experiencing chronic pain" and complained to Defendant Physician's Assistant (PA) Sword, but she took no action. (Amd. Comp., p. 5). Again, the Plaintiff does not provide a specific date for his interaction with Defendant Sword. Plaintiff also says he saw Dr. Greby from September 2013 to 2014 concerning his H. pylori diagnosis. Plaintiff complained about the pain he was suffering, and the doctor prescribed pain medication and an antibiotic. Nonetheless, Plaintiff says the medication did not help his condition, but when he returned to see Dr. Greby, the doctor took no further action even though Plaintiff still tested positive for the bacteria.

For the purposes of notice pleading, the Court finds the Plaintiff has articulated a claim alleging Dr. Greby and PA Sword were deliberately indifferent to his serious medical condition when they failed to provide care for his stomach pain. The Plaintiff must be prepared to provide more exact time frames for his allegations during the discovery process.

Plaintiff also claims Defendants Warden Gossett, Assistant Warden Hammers and Grievance Officer Robbie Johnson denied his grievances and failed to approve further examination or treatment by an outside medical provider. (Amd. Comp., p. 6-8). Plaintiff has failed to state a claim against these three individuals. The Seventh Circuit has "previously stated that if a prisoner is under the care of medical experts, a non-medical prison official will

generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005); *see also Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Based on the documentation provided by the Plaintiff, the non-medical staff referred his complaints to the medical staff. [d/e 9, p. 2]. In addition, Plaintiff admits he was regularly seen by Dr. Greby and was tested by an outside medical provider. Finally, a Defendant's failure to rule favorably on a prison grievance is not actionable under §1983. *Young v. Wexford Health Services*, 2012 WL 621358 at 4 (N.D. Ill. Feb. 14, 2012). Therefore, the Court will dismiss the non-medical Defendants based on the allegations in the amended complaint.

The Plaintiff has also renewed his motion for appointment of counsel.[9] In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has now provided at least some evidence of his attempt to find counsel on his own. However, Plaintiff has provided no other argument in favor of his motion beyond his indecency. Although the case involves his medical condition, Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Through simple discovery requests Plaintiff should also be able obtain his medical records to corroborate his medical problems. In addition, once the Defendants are in the case, the Court will enter a scheduling order requiring the parties to provide relevant discovery and

providing assistance for the pro se litigant. Based on the record before the Court, Plaintiff's motion is denied. [9]

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion for leave to file an amended complaint is granted. [8]

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Dr. Greby and P.A. Sword were deliberately indifferent to his serious medical condition as outlined in this order. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel

has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) **The Clerk of the Court is to dismiss all Defendants except Greby and Sword for failure to state a claim upon which relief can be granted pursuant to §1915A.**

12) **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures and set an internal Rule 16 deadline in sixty days.**

13) **The Clerk is also directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14) **Plaintiff's motion for appointment of counsel is denied. [9]**

ENTERED this 22nd day of February, 2016.

/s/ Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE